IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20036
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COLONEL MARVIN PEARSON, also known as M, also known as
Colonel@Pheonix.net,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-63-1
- - - - - - - - - -

January 14, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Colonel Marvin Pearson pleaded guilty to count 180 of an indictment charging him with possession of child pornography involving the sexual exploitation of minors. The district court departed upward from the guideline-imprisonment range in sentencing Pearson to a 41-month term of imprisonment. The district court stated that it had departed upward because of the number of photos and because Pearson had possessed materials that portrayed children involved in sadistic and masochistic conduct. Pearson contends

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred in departing upward from the guideline imprisonment range. A district court may depart upward from the applicable guideline range if the court finds that an aggravating circumstance exists that was not adequately taken into consideration by the Sentencing Commission. 18 U.S.C. § 3553(b). A district court's decision to depart from the guidelines is reviewed for abuse of discretion. United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc).

Pearson contends that the factors considered by the district court in departing from the guideline imprisonment range were adequately considered by the Sentencing Commission. Although § 2G2.4 does deal with sexual exploitation of minors generally, it does not specifically address the aggravating circumstance of possession of materials containing sadomasochistic depictions. See § 2G2.4. Moreover, the number of items possessed by the defendant greatly exceeded the number necessary for the two-level enhancement under § 2G2.4(b)(2).

In departing from the guideline range, the district court rejected Pearson's argument that his crime was victimless because he merely retrieved the images from the internet, where they would have been available whether he retrieved them or not, and that he had not been personally involved in the exploitation of minors. The district court rejected this argument, stating its belief that the supply of such materials is driven by demand. See United States v. Norris, ___ F.3d ____ (5th Cir. Oct 29, 1998) (No. 98-40148), 1998 WL 754904, *3-5 ("Unfortunately, the 'victimization' of the children involved does not end when the

pornographer's camera is put away. The consumer, or end recipient, of pornographic materials may be considered to be causing the children depicted in those materials to suffer as a result of his actions . . . ."). The district court's decision to depart upward, based upon its reasonable belief that the demand for sadomasochistic materials contributed to the supply of such materials and based upon the number of prohibited items involved in the offense, was not an abuse of its discretion. The sentence is

AFFIRMED.